Decree

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 126, Orig.

## STATE OF KANSAS, PLAINTIFF *v.* STATE OF NEBRASKA, ET AL., DEFENDANTS

ON BILL OF COMPLAINT

[March 9, 2015]

### DECREE

The Court having exercised original jurisdiction over this controversy between three sovereign States; the issues having been tried before the Special Master appointed by the Court; the Court having received briefs and heard oral argument on the parties' exceptions to the Report of the Special Master; and the Court having issued its opinion on all issues announced in *Kansas* v. *Nebraska*, 574 U. S. ___ (2015), IT IS HEREBY ORDERED, ADJUDGED, DECLARED AND DECREED AS FOLLOWS:

1. The RRCA Accounting Procedures are hereby reformed as shown on the attached Appendix to be effective for the accounting of Compact Year 2007 and thereafter.

2. Nebraska is not liable for evaporative losses from Harlan County Lake during 2006.

3. Evaporation from the Non-Federal Reservoirs located in Nebraska is a Beneficial Consumptive Use under the Compact and must be accounted for as such.

4. Nebraska's consumption in 2005 and 2006 exceeded its Compact allocation by 70,869 acre feet, said amount equaling the combined rather than average exceedences

for those two years.

5. Nebraska must pay Kansas within sixty (60) days of the date of this Order, Five Million Five Hundred Thousand Dollars ($5,500,000.00).

6. Except as herein provided, the claims of all parties in this action are denied and their prayers for relief dismissed with prejudice.

7. The parties' respective responsibilities for the fees and costs awarded to the Special Master are as follows: Kansas (40%); Nebraska (40%); and Colorado (20%).

8. The parties' previous payments made to the Special Master and the printer of the Report of the Special Master discharge in full their respective obligations to pay for or share among themselves fees and costs awarded to the Special Master together with any costs that might have otherwise been assessed in this action.

9. The Court retains jurisdiction to entertain such further proceedings, enter such orders, and issue such writs as it may from time to time deem necessary or desirable to give proper force and effect to this Decree.

APPENDIX

Changes to the Accounting Procedures

**III A 3. Imported Water Supply Credit Calculation:**
The amount of Imported Water Supply Credit shall be determined by the RRCA Groundwater Model. The Imported Water Supply Credit of a State shall not be included in the Virgin Water Supply and shall be counted as a credit/offset against the Computed Beneficial Consumptive Use of water allocated to that State. Currently, the Imported Water Supply Credits shall be determined using two runs of the RRCA Groundwater Model:

a. The "base" run shall be the run with all groundwater pumping, groundwater pumping recharge, and surface water recharge within the model study boundary for the current accounting year turned "on." ~~This will be the same "base" run used to determine groundwater Computed Beneficial Consumptive Uses.~~

b. The "no NE import" run shall be the run with the same model inputs as the base run with the exception that surface water recharge associated with Nebraska's Imported Water Supply shall be turned "off." <u>This will be the same "no NE import" run used to determine groundwater Computed Beneficial Consumptive Uses.</u>

The Imported Water Supply Credit shall be the difference in stream flows between these two model runs. Differences in stream flows shall be determined at the same locations as identified in Subsection III.D.1 for the "no pumping" runs.

Should another State import water into the Basin in the future, the RRCA will develop a similar procedure to determine Imported Water Supply Credits.

### III D. Calculation of Annual Computed Beneficial Consumptive Use

### 1. Groundwater

Computed Beneficial Consumptive Use of groundwater shall be determined by use of the RRCA Groundwater Model. The Computed Beneficial Consumptive Use of groundwater for each State shall be determined as the difference in streamflows using two runs of the model:

The "~~base~~ no NE import" run shall be the run with all groundwater pumping, groundwater pumping recharge, and surface water recharge within the model study boundary for the current accounting year "on", with the exception that surface water recharge associated with Nebraska's Imported Water Supply shall be turned "off."

The "no State pumping" run shall be the run with the same model inputs as the "~~base~~ no NE import" run with the exception that all groundwater pumping and pumping recharge of that State shall be turned "off."

An output of the model is baseflows at selected stream cells. Changes in the baseflows predicted by the model between the "~~base~~ no NE import" run and the "no-State-pumping" model run is assumed to be the depletions to streamflows. *i.e.,* groundwater computed beneficial consumptive use, due to State groundwater pumping at that location. The values for each Sub-basin will include all depletions and accretions upstream of the confluence with the Main Stem. The values for the Main Stem will include all depletions and accretions in stream reaches not otherwise accounted for in a Sub-basin. The values for the Main Stem will be computed separately for the reach above Guide Rock, and the reach below Guide Rock.

*Taken from the August 12, 2010, Accounting Procedures.